# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Shelley M. Kincaid,

    Plaintiff,

v.

Commissioner of Social Security

    Defendant.

Case No. 1:16cv736

Judge Michael R. Barrett

Magistrate Judge Stephanie K. Bowman

# ORDER

This matter is before the Court upon the Magistrate Judge's June 12, 2017 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 10).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 11). The Commissioner filed a response only to state that nothing novel was raised in Plaintiff's objections and to rest on its prior brief. (Doc. 12).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except as necessary to respond to Plaintiff's objections. This is Plaintiff's

third application for supplemental security income ("SSI"). The Administrative Law Judge ("ALJ") denied her claims for disability benefits in 2011 and 2013, respectively. There is no record of judicial appeal of either of the previous adverse disability determinations. The application now before the Court was filed on January 1, 2013. The ALJ found Plaintiff was not disabled, and the Appeals Council denied review. Upon review, the Magistrate Judge recommends affirming the ALJ's decision, finding no reversible error. Plaintiff objects, raising three primary arguments. Each will be addressed in turn.

1. **<u>The Magistrate Judge and ALJ erred in finding Plaintiff was capable of sedentary work.</u>**

Plaintiff argues that the Magistrate Judge improperly "split the difference" between the Commissioner's consulting physician who found Plaintiff could perform "light work" and her treating physician who found she could perform "no work."

Plaintiff cites *Hensley v. Commissioner* in support of her position that "splitting the difference" is an error of law. 573 F. Ed 263, 266-67 (6th Cir. 2009). The court in *Hensley*, however, found the ALJ had erred because the ALJ did not give the treating physician controlling weight in a situation in which the treating physician's opinion was only at odds with one other consulting physician's opinion. *Id.* Moreover, the ALJ failed to give sufficient explanation for her decision. *Id. (*noting the only explanation the ALJ gave for rejecting the treating physician's opinion was that another physician had reached the opposite conclusion). The court found this to be an inadequate basis for rejecting the treating physician's opinion).

Here, there are *two* consulting physicians' opinions that differ from that of the treating physician, as well as substantial other evidence in the record that shows a finding of sedentary work is more appropriate. (*See* Tr. 21-22). Accordingly, the facts in *Hensley* are

2

distinguishable.

Next, Plaintiff cites *Blakley v. Commissioner* to support her argument that the ALJ neglected to consider that the consulting physicians failed to review relevant medical records after August 2013. 581 F.3d 399, 408-09 (6th Cir. 2009). In *Blakley*, the ALJ relied on the opinion of a non-treating physician that did not take into account the opinions of four subsequent medical consultations and over 300 pages of medical records. *Id*. The Sixth Circuit explained the law "require[s] some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not 'based on a review of a complete case record.'" *Id*. (quoting *Fisk v. Astrue*, 253 Fed.Appx. 580, 585 (6th Cir.2007)).

Here, however, the ALJ reviewed and took into consideration the complete record. The ALJ cited, among other things, Plaintiff's appearance and testimony at the 2015 hearing, treatment records from 2014, and Plaintiff's "feeling better overall" as part of the reason for her finding Plaintiff could perform sedentary work. (*See* Tr. 21-22). In fact, the ALJ cited "new and material evidence" as a reason for declining to adopt the previous ALJ's 2013 findings of "light work." (Tr. 14). This analysis, which takes into account information from after 2013, shows that the ALJ reviewed the complete record, even if the consulting physicians did not. Thus, Plaintiff's argument is unpersuasive.

Plaintiff also takes issue with the ALJ's analysis, arguing she did not sufficiently explain how she arrived at her decision Plaintiff could perform sedentary work. The authority cited by Plaintiff, however, simply found, in the aggregate, that a court will not disturb an administrative decision if the ALJ "set[s] forth with such clarity as to be understandable", (*SEC v. Chenery*, 332 U.S. 194, 196 (1947)), gives "good reasons for discounting treating physicians' opinions," (*Simpson v. Commissioner*, 344 Fed. Appx. 181, 19 (2009)), and includes a "narrative discussion

describing how the evidence supports each conclusion", (*see* SSR 96-9p). Here, the ALJ did this, outlining the reasons for discounting the treating physician's opinion at Tr. 21-22.

Accordingly, upon review of the record the undersigned agrees with the Magistrate Judge that the ALJ properly considered the record as a whole and thus, there is no error in the ALJ's finding of sedentary work. Plaintiff's objections as to this issue are **OVERRULED**.

2. **The Magistrate Judge and ALJ assigned the wrong amount of weight to each of the physician's opinions.**

Plaintiff argues the ALJ incorrectly assigned weight to each of the physician's opinions, specifically arguing consulting physicians should have been subjected to a "more rigorous" standard as required by law.

As the Magistrate Judge correctly explained, however, the ALJ *did* apply a rigorous standard to the consulting physicians. In doing so, she did not adopt their "light work" finding, she properly discounted their opinions for being outdated (as they had only used the 2013 medical records), and she only gave them partial weight. The fact that the ALJ also found several flaws in the treating physician's opinion and chose to assign that opinion little weight does not discount the ALJ's analysis with respect to the consulting physician. These two conclusions are not mutually exclusive.

Next, Plaintiff argues her treating physician was not assigned the appropriate weight. As the Sixth Circuit has explained:

> In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. *See* Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the

> medical evidence that cannot be obtained from the objective medical findings alone," their opinions are generally accorded more weight than those of non-treating physicians. 20 C.F.R. § 416.927(d)(2). Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id*.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (footnote omitted).

Here, the ALJ found that Dr. Keeshin's opinions were not entitled to controlling weight because her opinion was not supported by her own medical records, and because they were inconsistent with other substantial evidence in the record.

The ALJ then concluded Dr. Keeshin's opinions should be afforded little weight. Plaintiff argues the reasons for her conclusion were not adequately explained. However, in determining the proper weight to give a treating physician, an ALJ need not engage in "an exhaustive factor-by-factor" analysis. *Francis v. Com'r of Soc. Sec.*, 414 Fed. Appx. 802, 804 (6th Cir. 2011). Here, the ALJ acknowledged the length of treatment relationship, as well as the nature and extent of the treating relationship. (Tr. 22). She references and cites in great detail Dr. Keeshin's records and medical findings, as well as the numerous tests performed by Dr. Keeshin over the course of their doctor-patient relationship. (Id.). Accordingly, upon review, the Court finds the ALJ discounted Dr. Keeshin's opinion after proper consideration of the regulatory factors.

Also related to the weight given to medical sources, Plaintiff questions who the ALJ gave the "most weight" to under SSR Ruling 96-2p and why that decision was made. (*See* Doc. 11,

PageID 533). However, SSR Ruling 96-2p does not require an ALJ to expressly state who they gave the most weight to – ALJs are only required to give specific and good reasons for the weight they assigned. The ALJ did this by thoroughly and specifically describing her reasons for giving the treating physician "little weight" and the consulting physicians "partial weight." (Tr. 21-22). Plaintiff also asserts that without the ALJ saying who she gave the most weight to, the decision cannot be reviewed. (Doc. 11 at 6). The Court disagrees, and finds the ALJ gave adequate, detailed reasons for the weight assigned, sufficient to satisfy the standards in *Simpson* and *Chenery*, *supra*. Plaintiff's objections as to this issue are therefore **OVERRULED**.

### 3. The Magistrate Judge and ALJ erred in assessing the credibility of the pain Plaintiff experiences.

The Magistrate Judge addressed this same argument in her R&R, and the Court finds no error in the Magistrate Judge's conclusion. A credibility determination cannot be disturbed absent a compelling reason to do so. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The entirety of Plaintiff's objections related to the ALJ's credibility determination assert as follows:

> The treatment is more than conservative with the narcotic Vicodin and a possible referral to a neurosurgeon for the low back pain. (Tr. 421). The fact that a medical condition is "stable" noted at Tr. 22 means only that he condition is no better or worse. The "daily activities" noted at Tr. 22 are also erroneous. Ms. Kincaid does these at her own pace and when able. See. Tr. 59 on doing dishes and Tr. 68-69 regarding help at home. She is not "doing well" as claimed at Tr. 22. The ALJ's credibility analysis at Tr. 22 is thus erroneous, and the Magistrate Judge erred on this at pages 16-20 of document 10.

It is true that the ALJ discounted Plaintiff's complaints regarding the severity of her symptoms based upon her relatively minimal and conservative treatment for her back. She also discounted Plaintiff's opinions with respect to her daily activities. But the ALJ provided a lengthy explanation as to why she chose to discount each of Plaintiff's opinions.

Plaintiff's conclusory assertions that the Magistrate Judge's analysis is erroneous hardly

6

amount to a compelling reason to disturb the ALJ's credibility determination.  Indeed, the ALJ, in accordance with CFR 415.929(c), properly discounted Plaintiff's subjective complaints due to inconsistencies in the record as a whole.  (*See* Tr. 21).  Accordingly, the Court finds the ALJ did not err in her credibility determination.  Plaintiff's objections as to this issue are **OVERRULED**.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's June 12, 2017 R&R.  (Doc. 10).  Accordingly, the decision of the Commissioner is **AFFIRMED**.  This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                             s/Michael R. Barrett
                                             Michael R. Barrett, Judge
                                             United States District Court